IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| WHIRLPOOL CORPORATION,  §<br>  §<br>*Plaintiff*,  §<br>  §<br>v.  §<br>  §<br>THE INDIVIDUALS, PARTNERSHIPS,  §<br>AND UNINCORPORATED  §<br>ASSOCIATIONS THAT OWN OR  §<br>OPERATE WWW.FILTER1PRO.COM,  §<br>  §<br>*Defendants*.  § | CIVIL ACTION NO. 2:23-cv-0117-JRG-RSP |

### REPORT AND RECOMMENDATION

Before the Court is the Motion for Entry of Default Judgment and Permanent Injunction filed by Whirlpool Corporation. **Dkt. No. 13**. For the following reasons, the Motion should be **GRANTED**.

### I.   BACKGROUND

Whirlpool filed its Complaint on March 21, 2023, alleging infringement of U.S. Patent Nos. 7,000,894 ("the '894 patent"); 8,356,716 ("the '716 patent"); 8,591,736 ("the '736 patent"); 8,845,896 ("the '896 patent"); 9,937,451 ("the '451 patent"); and 10,010,820 ("the '820 patent"). Dkt. No. 1 at 1. The patents are generally directed to water filters for refrigerators. *See Id.* Whirlpool requested the Clerk's Entry of Default against "The Individuals, Partnerships, and Unincorporated Associations that Own or Operate www.Filter1Pro.com" ("Defendants"), which was entered on June 6, 2023. Dkt. No. 12. Whirlpool now moves for Entry of Default Judgment and Permanent Injunction. Dkt. No. 13.

## II. LEGAL STANDARDS

### A. Default Judgment

Upon entry of default by the clerk, the Court has the discretion to enter a default judgment against a defendant. *Lindsey, et al. v. Prive Corp., et al.*, 161 F.3d 886, 893 (5th Cir. 1998). "Once a defendant is in default, the court accepts as true all facts set forth in the complaint aside from those relating to damages*.*" *Eisenhour v. Stafford*, 2013 WL 6212725, No. 9:12-CV-62, at *2 (E.D. Tex. Nov. 26, 2013) (citing *Frame v. S-H, Inc.*, 967 F.2d 194, 205 (5th Cir. 1992).

For the Court to enter a default judgment, a plaintiff must make a *prima facie* showing of jurisdiction. See *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 325 (5th Cir. 2001). There must be a sufficient basis in the pleadings for any relief requested. See *Wooten v. McDonald Transit Associates, Inc.*, 788 F.3d 490, 496 (5th Cir. 2015). The Court should also consider "relevant factors ... [such as] whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

### B. Permanent Injunction

District Courts may enter a permanent injunction to restrain a party from patent infringement "in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

There are four findings the Court must make when deciding whether to issue an injunction: (1) that the plaintiff has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for the injury; (3) that, considering the balance

of hardships between the parties, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391, 126 S.Ct. 1837, 164 L.Ed.2d 641 (2006).

### III.   ANALYSIS

#### A.  Jurisdiction, Venue, and Service

This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331, 1332, and 1338. Dkt. No. 1 ¶¶ 3-10. "By failing to answer the complaint, the defendants admit the well-pleaded factual allegations therein and '[are] barred from contesting on appeal the facts thus established.'" *Jones v. Lockhart, Morris & Montgomery, Inc.*, No. 1:11-cv-373-KFG, 2012 WL 1580759, *3, 2012 U.S. Dist. LEXIS 63293, *7 (E.D. Tex. Feb. 2, 2012) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Once in default, all facts in the operative complaint are taken as true. *See Frame*, 967 F.2d at 205.

This Court has personal jurisdiction over Defendants because they have actively engaged in the advertising for sale, offers for sale, sales, and/or distribution of products alleged to infringe the patents in suit in the Eastern District of Texas. Dkt. No. 1 ¶ 10. Further, venue is proper as Defendants are not residents of the United States and may be sued in any judicial district.

Finally, Whirlpool properly served Defendants with copies of the summons and complaint. Dkt. No. 10; Dkt. No. 9.

#### B.  Default Judgment

The grounds for default judgment against Defendants have been clearly established. There is no evidence that Defendants' default was caused by good faith mistake or excusable neglect and no showing that substantial prejudice or undue harshness would result from

a default judgment. *Lindsey*, 161 F.3d at 893. Further, Whirlpool has pleaded its claims of patent infringement with sufficient specificity to warrant entry of default judgment. Dkt. No. 1.

With respect to any prejudice or harshness, Defendants' failure to appear or answer, move, or otherwise respond to the complaint significantly weighs in favor of entering default judgment. The prejudice to Whirlpool clearly outweighs any prejudice or harshness of a default judgment. *See Barnett v. A S & I, LLC*, No. 3:13-cv-2464-BN, 2014 WL 6884010, at *4 (N.D. Tex. Dec. 8, 2014) (no weight given to any harshness of default judgment when defendant had adequate time to respond and failed to do so).

### C. Permanent Injunction

#### 1. Irreparable Harm

Whirlpool has articulated a loss of market share, price erosion, and customer confusion and dissatisfaction resulting from Defendants selling the accused products. Dkt. No. 13 at 9–10; *Golden Hour Data Sys. v. emsCharts, Inc.,* No. 2:06-cv-381-JRG, 2014 WL 8708239 *9, 2014 U.S. Dist. LEXIS 95640 *34 (E.D. Tex. Mar. 31, 2014) ("Loss of market share and price erosion are both valid grounds for finding irreparable harm."); *Reebok International Ltd. v. J. Baker, Inc.*, 32 F.3d 1552, 1554 (Fed. Cir. 1994) ("Harm to reputation resulting from confusion between an inferior accused product and a patentee's superior product is a type of harm that is often not fully compensable by money because the damages caused are speculative and difficult to measure."). Accordingly, Whirlpool will suffer irreparable harm if Defendants continues to sell the accused products.

#### 2. Remedies at Law

Defendants have not appeared, and the owners of the website are ostensibly foreign without discernable domestic assets resulting in serious doubt that Whirlpool would be able to collect

damages with meaningful monetary value. *See Bianco v. Global Medical, Inc.*, No. 2:12-CV-00147-WCB, 2014 WL 1049067, at *13 n.4 (E.D. Tex. Mar. 17, 2014) (citing *Acticon Technologies v. Heisei Electronics Co.*, No. 06-CV-4316 (KMK), 2008 WL 356872 (S.D.N.Y. Feb. 5, 2008) (noting that because a defendant defaulted, damages were difficult to ascertain and there was serious doubt as to whether the plaintiff could collect a damages award)). Accordingly, no adequate remedies at law exist.

### 3. Balance of Hardship

Allowing Defendants to continue selling infringing products will continue to significantly diminish Whirlpool's market share, erode prices, and perpetuate customer confusion and dissatisfaction. Moreover, there are no discernable hardships to Defendants. Any hardships related to costs or expenses incurred by engaging in the business of manufacturing infringing goods is disregarded. *i4i Ltd. Partnership v. Microsoft Corp.*, 598 F.3d 831, 863 (Fed. Cir. 2010) (holding that the infringing party's expenses in creating the infringing products, consequences such as redesign costs, or loss of the opportunity for further commercial success should be ignored). Accordingly, the balance of hardships strongly weighs in favor of granting a permanent injunction.

### 4. Public Interest

Public interest "is best served by enforcing patents that are likely valid and infringed." *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F.3d 1314, 1338 (Fed. Cir. 2012). Accordingly, this factor weighs in favor of granting a permanent injunction.

### D. Cost and Fees

Whirlpool has moved the Court for attorney's fees under 35 U.S.C. § 285 and for costs under Fed. R. Civ. P. 54(d)(1). Dkt. No. 13 at 16. Given that all allegations are taken as true, Defendants have admitted that their infringement is willful. *See* Dkt. No. 1 ¶¶ 26, 29, 38, 40, 42,

51, 54, 56, 65, 67, 69, 78, 81, 83, 92, 94, 96. Attorney's fees may be given when infringement is willful. Accordingly, Whirlpool's request for leave to submit an application for reasonable attorney fees is granted. Further, an award of costs is appropriate because Whirlpool will be considered the prevailing party in this suit. See *Power-One, Inc. v. Artesyn Technologies, Inc.*, No. 2:05-cv-463, 2008 WL 4065871, *3-*4 (E.D. Tex. Aug. 27, 2008).

### IV.   CONCLUSION

For the reasons discussed above, it is **RECOMMENDED** that Whirlpool's motion for default judgment and permanent injunction, **Dkt. No. 13**, consistent with the proposed order attached as Dkt. No. 13-2, should be **GRANTED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); see *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 7th day of February, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE